UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUCAS RICE,

Plaintiff,

v.

Case No. 26-cv-0147-bhl

FLYHUGZ ENTERPRISES LLC,

Defendant.

# ORDER

On January 28, 2026, Plaintiff Lucas Rice filed a complaint against Defendant Rise & Expand Enterprises LLC, alleging that the defendant's website failed to comply with the Americans with Disabilities Act. (ECF No. 1.) On July 8, 2026, Rice amended his complaint and substituted FlyHugz Enterprises LLC as the Defendant. (ECF No. 10). Defendant has been served but has not appeared. (ECF No. 13.) Rice requested entry of default, which the Clerk entered on September 3, 2026. (ECF No. 14.)

Weeks have passed since the Clerk's entry of default but Rice has not moved for a default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Under Federal Rule of Civil Procedure 55, the award of a default judgment is a two-step process. Step one is complete, as plaintiff obtained the entry of default from the clerk. At step two, the plaintiff should move for entry of a default judgment. If the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation" the clerk can enter judgment for that amount, upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). But "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Importantly, however, while the court accepts all well-pleaded factual allegations as true for purposes of determining liability,

"the plaintiff still must establish his entitlement to the relief he seeks" at step two. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also e360 Insight*, 500 F.3d at 602.

Civil Local Rule 41(b) provides that, in all cases where a defendant has not answered or otherwise defended a lawsuit within 6 months of filing, and the plaintiff has not moved for a default judgment, the Court may, after twenty-one days' notice, enter an order dismissing the action for lack of prosecution. Accordingly, the Court will grant Rice twenty-one days to move for default judgment or take other steps to move the case forward. If Rice fails to comply, his case will be dismissed under Civ. L. R. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **November 20, 2026**, Plaintiff must move for default judgment, *see* Fed. R. Civ. P. 55(b); *see also VLM Food Trading Int'l, Inc.*, 811 F.3d at 255, or take other steps to move the case forward. Failure to comply will result in dismissal pursuant to Civil Local Rule 41(b).

Dated at Milwaukee, Wisconsin on October 30, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge